Refugio Castaneda **MARQUINA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04-72629.
Agency No. A95-174-674.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.[*]

Decided Dec. 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Simon Salinas, Tustin, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, M. Jocelyn Wright, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM**

Refugio Castaneda Marquina, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction pursuant 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir.2005), we deny the petition for review.

The BIA did not abuse its discretion in rejecting Castaneda's allegation that he was prejudiced by the actions of a notario who allegedly filed Castaneda's asylum application without his knowledge. Castaneda made no contention that the notario's actions made the proceedings themselves unfair. *See Lara–Torres v. Gonzales*, 383 F.3d 968, 973 (9th Cir.2004) ("The basic 'unfairness' of which the Petitioners complain is that they never would have been subject to removal proceedings had it not been for their reliance on [their attorney's] unfortunate immigration-law advice. This 'unfairness' however, did not taint the 'fairness' of the hearing."), *amended by* 404 F.3d 1105 (2005).

Nor did the BIA abuse its discretion by requiring compliance with the procedural guidelines set forth in *Matter of Lozada*, 19 I & N. Dec. 637 (BIA 1988). Contrary to Castaneda's contention, the alleged ineffectiveness of the attorney who represented him before the immigration court is not plain from the record. *Cf. Escobar–Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir.2000) (BIA's "reasonable rules for the normal ineffective assistance claim" were not dispositive, where facts demonstrating attorney's ineffectiveness were "plain on the face of the administrative record").

Finally, the BIA did not abuse its discretion in denying reopening because Castaneda failed to establish his prima facie eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material"); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.